UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| DEBORAH LAUFER, Individually, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No. |
| | : | |
| RESORT HOSPITALITY ENTERPRISES, LTD. | : | |
| d/b/a BOARDWALK BEACH HOTEL & | : | |
| CONVENTION CENTER, a Florida Limited | : | |
| Partnership, | : | |
| | : | |
| Defendant. | : | |
| _____ / | : | |

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, DEBORAH LAUFER, Individually, on her behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, RESORT HOSPITALITY ENTERPRISES, LTD. d/b/a BOARDWALK BEACH HOTEL & CONVENTION CENTER, a Florida Limited Partnership, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.     Plaintiff  is a resident of Alachua County, Florida, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff is unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, Plaintiff is bound to ambulate in a wheelchair or with a cane or other support and has limited use of her hands. She is unable to tightly grasp, pinch and twist of the wrist to operate. Plaintiff is also vision impaired. When ambulating beyond the comfort of her own home, Plaintiff must primarily rely on a wheelchair. Plaintiff

requires accessible handicap parking spaces located closet to the entrances of a facility. The handicap and access aisles must be of sufficient width so that she can embark and disembark from a ramp into her vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that Plaintiff can reach them. She has difficulty operating door knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. She is hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning her legs. Sinks must be at the proper height so that she can put her legs underneath to wash her hands. She requires grab bars both behind and beside a commode so that she can safely transfer and she has difficulty reaching the flush control if it is on the wrong side. She has difficulty getting through doorways if they lack the proper clearance.

2.     Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA.

3.     According to the county property records, Defendant owns a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the

Defendant owns is a place of lodging known as  BOARDWALK BEACH HOTEL & CONVENTION CENTER, 9600 S Thomas Dr, Panama City Beach, FL 32408, and is located in the County of BAY COUNTY, (hereinafter "Property").

4.     Venue is properly located in the NORTHERN DISTRICT OF FLORIDA  because the injury occurred in this district.

5.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

6.     As the owner of the subject place of lodging, Defendant is required to comply  with the ADA.  As such, Defendant is required to ensure that it's place of lodging is in compliance with the standards applicable to places of public accommodation, as set forth in the regulations promulgated by the Department Of Justice. Said regulations are set forth in the Code Of Federal Regulations, the Americans With Disabilities Act Architectural Guidelines ("ADAAGs"), and the 2010 ADA Standards, incorporated by reference into the ADA.  These regulations impose requirements pertaining to places of public accommodation, including places of lodging, to ensure that they are accessible to disabled individuals.

7.     More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement:

**Reservations made by places of lodging**. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to

3

reservations made by any means, including by telephone, in-person, or through a third party -

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

8.      These regulations became effective March 15, 2012.

9.      Defendant, either itself or by and through a third party, implemented, operates, controls and or maintains websites for the Property which contains an online reservations system. These websites are located at https://boardwalkbeachhotel.com/. Defendant also utilizes third party online reservations systems, including booking.com, hotels.com and expedia.com. This term also includes all other websites owned and operated by Defendant or by third parties to book or reserve guest accommodations at the hotel. The purpose of these websites is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Property.  As such, these websites are subject to the requirements of 28 C.F.R. Section 36.302(e).

4

10.        Prior to the commencement of this lawsuit, Plaintiff visited the websites September 17, 2019, November 1, 2019, November 2, 2019 and November 3, 2019 for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs. However, Plaintiff was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). As a result, Plaintiff was deprived the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public. Specifically, there was no reference to any accessible rooms and no option to book an accessible room. No information was given as to whether or where it offers compliant/accessible roll-in showers, tubs, built in seating, commodes, grab bars, sinks, wrapped pipes, sink and door hardware, properly located amenities, sufficient maneuvering spaces, compliant doors, furniture, controls and operating mechanisms. The website does not contain any information as to whether all goods, facilities and services at the property are connected by a compliant accessible route, nor does the website contain any information as to the accessibility of routes connecting all the features of the hotel, the transaction counter, parking, and common area restrooms. The website does not give any information as to whether accessible rooms are on the ground floor or if an elevator is provided within an accessible route. Nor does the website give any information regarding the pool/pools having an accessible lift. The website and third party booking sites state that the hotel has an outdoor swimming pool, private beach area, game room, snack bar, bar, restaurant, free private parking,

5

vending machine, meeting/banquet facilities, convenience store, conference space; however, there is no information as to whether any or all of these hotel features are accessible. Booking.com had no option to book an accessible room; hotel amenities, room types and amenities are all listed in detail; no information was given about accessibility in the hotel other than the statement "Facilities for disabled guests". Expedia.com had no option to book an accessible room; hotel amenities, room types and amenities are all listed in detail; no information was given about accessibility in the hotel.  Hotels.com had no option to book an accessible room; hotel amenities, room types and amenities are all listed in detail; no information was given about accessibility in the hotel.

11.     In the near future, Plaintiff intends to revisit Defendant's websites and/or online reservations system in order to test them for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the websites to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Property.

12.     Plaintiff is continuously aware that the subject websites remain non-compliant and that it would be a futile gesture to revisit the websites as long as those violations exist unless she is willing to suffer additional discrimination.

13.     The violations present at Defendant's websites infringe Plaintiff's right to travel free of discrimination and deprive her of the information required to make meaningful choices for travel.  Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's

website. By continuing to operate the websites with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.  By encountering the discriminatory conditions at Defendant's website, and knowing that it would be a futile gesture to return to the websitesunless she is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, goods, services and benefits readily available to the general public.  By maintaining a websiteswith violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.  Defendant's online reservations system serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiff, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

14.     Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify its websitesto comply with the requirements of the ADA and to continually monitor and ensure that the subject websitesremains in compliance.

15.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA  with respect to these websites. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.

7

16.      The Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject website.

17.      The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

18.      Defendant has discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e).  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

19.      Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

20.          Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject websites to make them readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADAand 28 C.F.R. Section 36.302(e); or by closing the websitesuntil such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.   The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and  28 C.F.R. Section 36.302(e).

b.   Injunctive relief against the Defendant including an order to revise its websitesto comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the websitesto ensure that it remains in compliance with said requirement.

c.   An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.   Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

By: /s/ Kimberly A. Corkill, Esq.

Kimberly A. Corkill, Of Counsel
Thomas B. Bacon, P.A.
7 N. Coyle Street
Pensacola, FL 32502

ph. 850-375-3475
fx 877-828-4446
kimberlyatlaw@gmail.com
Florida Bar Id. No. 84942

Thomas B. Bacon, Esq.
Thomas B. Bacon, P.A.
644 North Mc Donald St.
Mt. Dora, FL 32757
ph. (850)375-3475
kimberlyatlaw@gmail.com
Florida Bar. Id. No. 84942

# UNITED STATES DISTRICT COURT

for the
NORTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| DEBORAH LAUFER, Individually, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| RESORT HOSPITALITY ENTERPRISES, | ) | |
| LTD. d/b/a BOARDWALK BEACH HOTEL | ) | |
| & CONVENTION CENTER, a Florida | | |
| Limited Partnership, | | |
| Defendant. | | |

## SUMMONS IN A CIVIL ACTION

To:      RESORT HOSPITALITY ENTERPRISES, LTD. d/b/a BOARDWALK BEACH
          HOTEL & CONVENTION CENTER
          c/o
          LAURETTA J PIPPIN, 1022 WEST 23RD STREET, 3RD FLOOR, PANAMA
CITY, FL 32405

          A lawsuit has been filed against you.

          Within 21 days after service of this summons on you (not counting the day you received
it) — or 60 days if you are the United States or a United States agency, or an officer or employee
of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the
plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of
Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:

          Kimberly A. Corkill, Esq.
          Thomas B. Bacon, P.A.
          7 N. Coyle Street
          Pensacola, FL 32502
          ph. 850-375-3475
          (877)828-4446

          If you fail to respond, judgment by default will be entered against you for the relief
demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____

                                                          *Signature of Clerk or Deputy*

**AUTHORIZATION TO INITIATE
COMPLAINT FOR INJUNCTIVE RELIEF
UNDER THE ADA**

1.      Authorization is hereby given to Thomas B. Bacon, P.A. to initiate a complaint on my behalf against the following defendant:

RESORT HOSPITALITY ENTERPRISES, LTD. d/b/a BOARDWALK BEACH HOTEL & CONVENTION CENTER dba  BOARDWALK BEACH HOTEL & CONVENTION CENTER, 9600 S Thomas Dr, Panama City Beach, FL 32408 and its online reservations system.

2.      For the case involving the above mentioned defendant, the "Standard ADA Fee Agreement" and the "Standard ADA Statement of Client's Rights", shall establish the rights and obligations of the client and the attorneys.

3.      I have read the draft of the Complaint prepared by Thomas B. Bacon, P.A., and I agree with its contents.  I have visited and reviewed the subject websitesand encountered barriers to access which discriminated against my on the basis of my disability as described in the complaint.


_____          _____
DEBORAH LAUFER                                                        Date

Re:     BOARDWALK BEACH HOTEL & CONVENTION CENTER, 9600 S Thomas Dr, Panama City Beach, FL 32408 and its online resevations system
Our File No. 1673-FL; LAUFER v. RESORT HOSPITALITY ENTERPRISES, LTD. d/b/a BOARDWALK BEACH HOTEL & CONVENTION CENTER, located at 9600 S Thomas Dr, Panama City Beach, FL 32408

# THOMAS B. BACON, P.A.

644 North Mc Donald St.
Mt. Dora,  FL 32757
(954) 478-7811
tbb@thomasbaconlaw.com


October 31, 2019

**Via Email Only**
DEBORAH LAUFER

Re:     Our File No. 1673-FL; LAUFER v. RESORT HOSPITALITY ENTERPRISES, LTD.
        d/b/a BOARDWALK BEACH HOTEL & CONVENTION CENTER, located at 9600 S
        Thomas Dr, Panama City Beach, FL 32408

Dear Ms. Laufer:

Enclosed herein, please find the following:

Please retain for your records:
❏       Complaint

To be signed and returned:
❏       Authorization to Initiate Complaint


Please review the enclosed documents and if they meet with your approval, please sign
and email back.

If you have any questions, please do not hesitate to call.  Thank you.

Very truly yours,

/s/
Thomas B. Bacon

Enclosures

# THOMAS B. BACON, P.A.
ATTORNEYS-AT-LAW
644 N. Mc Donald St.
Mt. Dora, FL 32757
ph. (954) 478-7811
tbb@thomasbaconlaw.com

October 31, 2019

RESORT HOSPITALITY ENTERPRISES, LTD. d/b/a BOARDWALK BEACH HOTEL &
CONVENTION CENTER

Re: Our File No. 1673-FL; LAUFER v. RESORT HOSPITALITY ENTERPRISES, LTD. d/b/a
BOARDWALK BEACH HOTEL & CONVENTION CENTER, located at 9600 S Thomas Dr,
Panama City Beach, FL 32408

To Whom It May Concern:

Please be advised that you are under a legal duty to maintain, preserve, retain, protect, and
not destroy any and all documents and data, both electronic and hard copy, that may be relevant
to Plaintiff's claims as set forth in the Complaint. The failure to preserve and retain the electronic
data and evidence outlined in this notice may constitute spoliation of evidence which will subject
you to legal claims for damages and/or evidentiary and monetary sanctions.

For purposes of this notice, electronic data or electronic evidence shall include, but not be
limited to, your hotel websites and all websites utilized by you for online reservations, including
through third parties,  as they exist on the date on which you were first served a copy of this letter
and/or Complaint that was filed in the above referenced cause of action. This also includes any
and all websites pertaining to the Hotel described in the Complaint. This includes any and all
websites through which guest accommodations at the hotel may be booked or reserved and any
other web pages pertaining to the hotel on those sites.  This further includes any websites
operated by third parties, such as Hotels.com, Expedia, Orbitz, Travelocity or any other online
booking service. In the event that this data has already been destroyed, overwritten or otherwise
altered, then electronic data and evidence shall therefore include the websites as they exists as of
the date you receive this correspondence.

Electronic evidence and data shall further include the above-referenced websites page(s)
in its/their entirely as they are visible to the general public as well as all source code, HTML, or
underlying code.

Specifically, you are instructed not to destroy, disable, erase, encrypt, alter, or otherwise
make unavailable any electronic data and/or evidence relevant to the Plaintiffs claims, and you
are further instructed to take reasonable efforts to preserve such data and/or evidence. To meet
this burden, you are instructed by way of example and not limitation, to:

- Preserve all data storage backup files (i.e., not overwrite any previously existing
   backups);

1

- Preserve and retain all data from servers and networking equipment logging network access activity and system authentication;
- Preserve and retain all electronic data in any format, media, or location relating to the claims, including data on hard drives, hard disks, floppy disks, zip drives, CD-ROMs, CD-RWs, DVDs, backup tapes, PDAs, memory cards/sticks, or digital copiers or facsimile machines;
- Prevent employees from deleting or overwriting any electronic data related to the Plaintiffs claims; and
- Take such other security measures, including, but not limited to, restricting physical and electronic access to all electronically stored data directly or indirectly related to the Plaintiff s claims.

Thank you for your attention in this regard.

Very truly yours,

/s/
Thomas B. Bacon

2

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

DEBORAH LAUFER, Individually,       :

                                              : Case No.: [case number]

             Plaintiff,               :

v.                                   :

                                             :

RESORT HOSPITALITY ENTERPRISES,   :

LTD. d/b/a BOARDWALK BEACH HOTEL &   :

CONVENTION CENTER, a Florida Limited   :

Partnership,                            :

             Defendant.

_____

### PLAINTIFFS' CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

I hereby certify as follows:

1.  The name of each person, attorney, association of persons, firm, law firm, partnership, and corporation that has or may have an interest in the outcome of this action - including subsidiaries, conglomerates, affiliates, parent corporations, publically-traded companies that own 10% or more of a party's stock, and all other identifiable legal entities related to any party in the case:

Thomas B. Bacon, Attorney-At-Law

DEBORAH LAUFER, Individual Plaintiff(s)

RESORT HOSPITALITY ENTERPRISES, LTD. d/b/a BOARDWALK BEACH HOTEL & CONVENTION CENTER, Defendant

2.  The name of every other entity whose publically-traded stock, equity, or debt may be substantially affected by the outcome of the proceedings:

1

None other than the Defendant.

3.  The name of every other entity which is likely to be an active participant in the proceedings, including the debtor and members of the creditors' committee (or twenty largest unsecured creditors) in bankruptcy proceedings:

None other than the Defendant.

4.  The name of each victim (individual or corporate) of civil and criminal conduct alleged to be wrongful, including every person who may be entitled to restitution:

DEBORAH LAUFER

5.      I certify that I am unaware of any actual or potential conflict of interest involving the District Judge and Magistrate Judge assigned to this case and will immediately notify the Court in writing upon learning of any such conflict.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's electronic filing system upon all parties of record this October 31, 2019.

Respectfully submitted,

Attorney for Plaintiff:

By: /s/ Kimberly A. Corkill, Esq.

Kimberly A. Corkill, Of Counsel
Thomas B. Bacon, P.A.
7 N. Coyle Street
Pensacola, FL 32502
ph. 850-375-3475
fx 877-828-4446
kimberlyatlaw@gmail.com
Florida Bar Id. No. 84942

Thomas B. Bacon, Esq.

2

Thomas B. Bacon, P.A.
644 North Mc Donald St.
Mt. Dora, FL 32757
ph. (850)375-3475
kimberlyatlaw@gmail.com
Florida Bar. Id. No. 84942

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

DEBORAH LAUFER, Individually,
      Case No.: [Case Number]
      Plaintiff,

v.

RESORT HOSPITALITY ENTERPRISES,
LTD. d/b/a BOARDWALK BEACH HOTEL &
CONVENTION CENTER, a Florida Limited
Partnership,
          Defendant.
_____

### PLAINTIFFS' NOTICE OF PENDENCY OF OTHER ACTIONS

I hereby certify that the instant action is not related to any pending or closed civil or

criminal action previously filed in this Court, or any other Federal or State Court, or

administrative agency.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's

electronic filing system upon all parties of record this October 31, 2019.

        Respectfully submitted,

        Attorney for Plaintiff:

        By: /s/ Kimberly A. Corkill, Esq.

        Kimberly A. Corkill, Of Counsel
        Thomas B. Bacon, P.A.
        7 N. Coyle Street
        Pensacola, FL 32502
        ph. 850-375-3475
        fx 877-828-4446
        kimberlyatlaw@gmail.com
        Florida Bar Id. No. 84942

        Thomas B. Bacon, Esq.
        Thomas B. Bacon, P.A.

644 North Mc Donald St.
Mt. Dora, FL 32757
ph. (850)375-3475
kimberlyatlaw@gmail.com
Florida Bar. Id. No. 84942